UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK D. JACKSON,<br><br>           Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br><br>           Defendant. | Case No. 3:15-cv-00266-MMD-VPC<br><br>ORDER ADOPTING AND ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE VALERIE P. COOKE |

**I.    SUMMARY**

Before the Court is Magistrate Judge Valerie P. Cooke's Report and Recommendation ("R&R") (ECF No. 15) regarding Plaintiff Frank D. Jackson's Motion for Reversal and/or Remand (ECF No. 12) and Defendant Commissioner Carolyn Colvin's Cross-Motion to Affirm and Opposition ("Motion to Affirm") (ECF No. 13). Plaintiff timely replied to Defendant's Cross-Motion. (ECF No. 14.)

**II.   BACKGROUND**

The following relevant background facts are recited in the R&R, which the Court adopts. Jackson filed applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") on November 28, 2011, and December 5, 2011. The Social Security Administration ("SSA") denied Jackson's applications upon initial review and again upon reconsideration. Jackson and his attorney then appeared before an administrative law judge ("ALJ") on September 3, 2013. The ALJ issued a written decision on October 4, 2013, finding that Jackson had not been disabled at any time between the alleged onset date of his disability and the date of the decision. Jackson's

request for review was denied by the Appeals Council. He then sought review from this Court.

Magistrate Judge Cooke issued the R&R on March 21, 2016, concluding that the ALJ erred in improperly discounting Plaintiff's subjective pain testimony. The R&R recommends that the matter be remanded to the ALJ for further proceedings. (ECF No. 15.) The Commissioner timely filed an objection (ECF No. 16) and Plaintiff filed a response (ECF No. 17). The Court has also reviewed the administrative record[1] manually filed by the Commissioner. (ECF No. 9.) For the reasons stated below, the R&R is accepted and adopted in full.

### III. LEGAL STANDARDS

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of the Commissioner's objection, the Court engages in a *de novo* review of the portions of the R&R relevant to the objection.

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)). The Court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and

---

[1] For ease of reference, the Court will cite to the administrative record as AR.

undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 523 (citation omitted). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

**IV.   ANALYSIS**

The R&R finds that the ALJ failed to articulate clear and convincing reasons for discounting Plaintiff's testimony, and, therefore, that the ALJ's disability determination lacks the support of substantial evidence. (ECF No. 15 at 7.) In her decision, the ALJ found that plaintiff's testimony was not credible for four reasons: (1) there was a lack of strong support from the objective medical evidence; (2) there were repeated reports of generally stable symptoms; (3) Plaintiff had a wide range of reported activities; and (4) Plaintiff failed to comply with his diabetic treatment. (ECF No. 15 at 7; AR 27-28.) The Magistrate Judge found that only the first reason — that the objective medical evidence did not support a finding of disability — passed muster under the clear and convincing standard because the ALJ stated that the record contained no evidence that supported a finding of disabling pain.[2] (ECF No. 15 at 7-8.) The Commissioner argues that the credibility determination was also based on the effectiveness of Plaintiff's treatment, the need for only conservative treatment, and Plaintiff's non-compliance with the conservative treatment and recommended activities of daily living. (ECF No. 16 at 2.) After reviewing the ALJ's decision and the administrative record as a whole, the Court disagrees with the Commissioner.

   **A.   Credibility Standard**

The ALJ is responsible for determining credibility. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be

---

[2]To the contrary, the ALJ supported her determination with Plaintiff's maintaining a full range of motion as well as no foot tenderness, edema, ulcers or lesions relating to neuropathic pain. (AR 27.)

3

1  expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028,
2  1036 (9th Cir. 2007). "If the claimant meets the first test and there is no evidence of
3  malingering, the ALJ may only reject the claimant's testimony about the severity of the
4  symptoms if he or she gives 'specific, clear and convincing reasons' for the rejection."
5  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter*, 504 F.3d at
6  1036). An ALJ's findings are supported by substantial evidence if they are "sufficiently
7  specific to allow a reviewing court to conclude the adjudicator rejected the claimant's
8  testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony
9  regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). "[T]he claimant
10 is *not* required to show 'that her impairment could reasonably be expected to cause
11 the severity of the symptom she has alleged; she need only show that it could reasonably
12 have caused some degree of the symptom.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th
13 Cir. 2014) (emphasis in original) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir.
14 1996)).

15  Furthermore, the ALJ may not reject subjective pain testimony "on the sole ground
16 that it is not fully corroborated by objective medical evidence[.]" *Rollins v. Massanari*, 261
17 F.3d 853, 857 (9th Cir. 2001). But permissible bases for finding a claimant to not be
18 credible include conflicts between the claimant's assertions and her daily activities, *Orn v.*
19 *Astrue*, 495 F.3d 625, 636 (9th Cir. 2007), or an unexplained or inadequately explained
20 failure to seek treatment, *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

21  **B.  Repeated Reports of Generally Stable Symptoms**

22  The Court first considers whether the ALJ erred in finding that Plaintiff's medical
23 records demonstrated generally stable symptoms of Plaintiff's diabetes. While the ALJ
24 identified particular medical records that showed Plaintiff's blood sugar level to be in a
25 stable range (citing AR 368, 370, 372, 377, 382, 539), the R&R highlights contrary
26 documentation from the record indicating that Plaintiff's blood sugar level substantially
27 ///
28 ///

fluctuated.[3] The Commissioner also relies on the finding that Plaintiff's impairments, as a whole, were controlled. (ECF No. 16 at 3-4 (citing *Huizar v. Comm'r of Soc. Sec.*, 428 Fed. Appx. 678, 680 (9th Cir. 2011) (unpublished).) The Court disagrees.

After review of the administrative record, the Court finds that there is not enough evidence from the medical records to indicate that Plaintiff's impairments were stable or controlled. Plaintiff was admitted regularly for emergency room visits, inpatient surgery, and outpatient services relating to a variety of medical conditions[4] — many of which resulted from Plaintiff's uncontrolled diabetes — between October 2010 and July 2013 (AR 106-109, 352-353, 571). On numerous visits, the presiding physician noted that Plaintiff's diabetes was not controlled. (*See, e.g.*, AR 348, 355, 540.) For example, in May 2011, the physician noted that Plaintiff has had "uncontrolled blood sugars for at least three years." (*Id.* at 348.) While Defendant argues that Plaintiff's condition was controlled when he actually followed treatment (ECF No. 16 at 3-4), it is not clear Plaintiff's impairments were controlled during the entirety of the relevant time period based on the content of the medical records. Various progress reports over the span of three years noted that Plaintiff had to continuously increase the dosage of his diabetes medication to maintain a blood sugar level within a relatively stable range. (*See, e.g.*, AR 461, 526, 542, 548.)

///

---

[3] "In June 2011, plaintiff's reported blood sugar ranged from 220 to the low 300s; between February and December 2012, his blood sugar ranged from the high 100s to mid-200s; and in May 2013 his blood sugar spiked into the 400s." (ECF No. 15 at 8 (internal citations omitted).)

[4] According to the record, Plaintiff consistently suffered from symptoms of uncontrolled type 2 diabetes, Hepatitis C, urinary tract infections, urinary retention, elevated heart rate, diabetic neuropathy, an enlarged prostate, rectal abscesses, constipation, and gastroesophogeal reflux disease. (AR 280-81, 310, 348.) The ALJ notes that the record contains a variety of diagnoses, but she states that "[t]he evidence does not support that these conditions, either singly or in combination, cause more than minimal functional limitations." (AR 25.) It is unclear why the ALJ focused primarily on Plaintiff's type 2 diabetes instead of looking at Plaintiff's impairments as a whole. *See Cotton v. Bowen*, 799 F.2d 1403, 1408-09 (9th Cir. 1986) (it is legal error when an ALJ's findings completely ignore medical evidence without giving specific, legitimate reasons for doing so).

The Court concurs with the Magistrate Judge's in finding that because the ALJ cherry-picked the medical evidence to support her finding, the Court is unable to conclude that the ALJ did not arbitrarily discredit Plaintiff's testimony. (ECF No. 15 at 8-9 (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)).)

### C.    Plaintiff's Wide Range of Reported Activities

The Court next considers whether the ALJ erred in her assessment that Plaintiff engaged in a wide range of activities such that a finding of disability would be inappropriate. The ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms of his diabetes were not credible. (AR 27.) She based this finding on the fact that Plaintiff is able to clean his home, and, as such, she determined that Plaintiff was able to perform light work as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(b). (*Id.*) The ALJ explicitly discredited claimant's foot pain and numbness, incontinence, statements that he could walk, sit or stand for up to 45 minutes, and can lift 30 pounds, because Plaintiff stated he cleans his home. However, Plaintiff's function report stated a limited amount of cleaning consistent with Plaintiff's statements: he cleans dishes for twenty minutes every three days, folds laundry while he sits, vacuums for ten minutes every three days, and dusts for ten minutes once or twice a month. (*Id.* at 257.)

Thus, the Court agrees with the R&R's recommendation that the ALJ's finding that Plaintiff engaged in a wide range of reported activities is without the support of substantial evidence. (ECF No. 15 at 9.)

### D.    Plaintiff's Failure to Comply with His Diabetic Treatment

The Court lastly considers whether the ALJ erred in discounting Plaintiff's testimony because Plaintiff failed to follow his diabetic treatment regime. (AR 27-28.) The Ninth Circuit has found that disability benefits may not be denied because the claimant lacks the funds necessary to receive treatment. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995); *see also Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Both the record and Defendant indicate that Plaintiff was unable to fill his diabetic prescription because of financial

distress. (*See, e.g.*, AR 345, 385; *see also* ECF No. 13 at 7.) Thus, Plaintiff's failure to follow prescribed treatment does not factor into an assessment of Plaintiff's credibility.

In the Commissioner's Motion to Affirm, the Commissioner also argues that because Plaintiff did not follow his doctor's suggestion that he eat a high fiber diet and drink more water — a seemingly inexpensive task — that Plaintiff failed to follow treatment. (ECF No. 16 at 3.) Although this may be a failure to follow treatment not encompassed by lack of financial resources, the Magistrate Judge notes that the ALJ did not consider that evidence in her opinion. Because a court is limited to basing its opinion on what is in the ALJ's opinion, se*e Connett v Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003), the Court cannot consider this evidence. (ECF No. 15 at 9.)

Even if this Court were to consider the noted failure to eat a high fiber diet or consume water, Plaintiff's constipation occurred at times when Plaintiff was taking various pain killers, such as Vicodin, Methadone, Morphine, and Oxycodone, of which a common side effect is severe constipation. (*See* AR 313, 314, 332, 368, 459.) Additionally, after Plaintiff was discharged from the hospital in April 2011, he was prescribed Miralax, a relatively inexpensive laxative solution, to treat any subsequent episodes of constipation. (*Id.* at 314.) There is no evidence of Plaintiff's failure to follow this treatment.

Because the ALJ provided only one valid reason for her adverse credibility finding — i.e., a lack of support from the objective medical evidence — the ALJ's errors were not harmless. Therefore, the Court agrees with the Magistrate Judge's analysis and finds that the ALJ did not provide specific, clear, and convincing reasons for finding Plaintiff's subjective testimony not credible.

**V.  CONCLUSION**

It is therefore ordered that the Report and Recommendation of Magistrate Judge Valerie P. Cook (ECF No. 15) is accepted and adopted in full. Plaintiff's Motion to Remand (ECF No. 12) is granted. Defendant Commissioner Carolyn W. Colvin's Opposition and Cross-Motion to Affirm (ECF No. 13) is denied.

///

This case is remanded to the ALJ for further proceedings. The Clerk is directed to close this case.

DATED THIS 1st day of November 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

8